UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LATERAL RECOVERY LLC, et al., <br><br>        Plaintiffs, <br><br>-against- <br><br> BENCHMARK BUILDERS, INC., et al., <br><br>        Defendants. | 1:22-cv-10447 (JLR) <br><br> **MEMORANDUM OPINION <br> AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  On December 9, 2022, Plaintiffs commenced this action against Defendants Preferred Capital LLC, Yisroel Weinstein, and John and Jane Doe Investors. ECF No. 1 ("Compl."). On June 15, 2023, Plaintiffs moved for permission to serve the Summons and Complaint upon Defendant Yisroel Weinstein ("Weinstein") by alternative means pursuant to Federal Rule of Civil Procedure ("Rule") 4(e)(1) and for an extension of time to complete such service. *See* ECF Nos. 36 ("Mot."), 36-1 ("Br."). Specifically, Plaintiffs seek to serve Weinstein by certified mail at addresses where Weinstein was purportedly served in other litigation matters and through Weinstein's purported counsel in those matters. *See generally* Br. No opposition to the motion has been filed. For the following reasons, Plaintiffs' motion is GRANTED in part and DENIED in part.

DISCUSSION

  Rule 4(e)(1) provides that "[a]n individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." In New York, service may be effected upon a person by: (1) personal service; (2) delivery of the summons to a person of suitable age and discretion at the individual's actual place of business,

dwelling or usual abode and mailing it to the individual; (3) service on an agent; or (4) affixing the summons to the individual's actual place of business, dwelling or usual abode and mailing it to the individual.  N.Y. C.P.L.R. §§ 308(1)-(4).  Where traditional methods of service prove "impracticable," service may be made "in such manner as the court, upon motion without notice, directs."  *Id.* § 308(5).  The meaning of "impracticable" depends on the particular facts and circumstances of each case.  *See Sirius XM Radio Inc. v. Aura Multimedia Corp.*, 339 F.R.D. 592, 593 (S.D.N.Y. 2021).  However, a plaintiff "must make some showing that the other prescribed methods of service could not be made," *id.* (quoting *D.R.I., Inc. v. Dennis*, No. 03-cv-10026 (PKL), 2004 WL 1237511, at *1 (S.D.N.Y. June 3, 2004)), and that the alternative service is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," *Doe v. Hyassat*, 337 F.R.D. 12, 15 (S.D.N.Y. 2020) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

  Here, Plaintiffs have not sufficiently shown that the other prescribed methods of service could not be made, nor that the proposed alternative service is reasonably calculated to apprise Weinstein of this action and afford Weinstein an opportunity to present his objections.  First, Plaintiffs argue that the prescribed methods of service could not be completed because, "notwithstanding their numerous searches and attempts to serve Weinstein, Plaintiffs have been unable to successfully serve Weinstein at any of his last known addresses."  Br. at 5.  Specifically, on December 16, 2022, Plaintiffs first attempted to serve Weinstein at 29 Lorimer Street, Brooklyn, New York, but the resident at that address did not know Weinstein and service was therefore unsuccessful.  *See id.* at 2; ECF No. 36-3.  On February 13, 2023, Plaintiffs attempted to serve Weinstein at 18 Frankfurt Road, Monroe, New York.  ECF No. 36-4.

Plaintiffs served an individual identified as "Mrs. Weinstein" at that address who refused to give her first name, *id.*, but Plaintiffs subsequently learned that "the wrong individual was served" and acknowledge that service at this address was unsuccessful, Br. at 2.  On March 2, 2023, Plaintiffs attempted service at 596 Seton Circle, Lakewood, New Jersey, but again unsuccessfully served "the wrong individual" at that address.  Br. at 2; ECF No. 36-5.  On April 4, 2023, Plaintiffs attempted service a fourth time at 1203 Twin Oaks Drive, Lakewood, New Jersey, but this attempt was unsuccessful because, as Plaintiffs later learned, Weinstein does not reside at that address.  ECF No. 36-6; Br. at 3.  Plaintiffs also asked opposing counsel representing another defendant if they knew "where [Weinstein] lives," and opposing counsel represented that they do not.  ECF No. 36-7.

Notwithstanding Plaintiffs' unsuccessful attempts to serve Weinstein at various addresses, Plaintiffs have not shown sufficient efforts to obtain information about Weinstein's current residence or whereabouts.  A plaintiff "must make some showing that the other prescribed methods of service could not be made."  *Transclick, Inc. v. Rantnetwork, Inc.*, No. 11-cv-08171 (LTS), 2013 WL 4015768, at *3 (S.D.N.Y. Aug. 7, 2013) (quoting *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 112 (S.D.N.Y. 2010)).  Mere "conclusory assertions about difficulty" do not suffice.  *Id*.  Here, Plaintiffs have presented more than conclusory assertions but still have not sufficiently *shown* what efforts were taken to identify the addresses where the attempted service on Weinstein was made, nor what efforts were taken to locate further information about Weinstein's location.  For example, Plaintiffs assert in their brief that they have "conducted an extensive investigation using court databases, LexisNexis, and other search engines to determine the address of Weinstein."  Br. at 2.  But Plaintiffs have not supported that assertion with any evidence, such as a declaration from

3

Plaintiffs' counsel attesting to the investigation and efforts taken.  *C.f. Bozza v. Love*, No. 15-cv-03271 (LGS), 2015 WL 4039849, at *1 (S.D.N.Y. July 1, 2015) (concluding the plaintiff "demonstrated" impracticability because counsel "submitted a declaration stating that he searched 'court records, publicly available online records and news coverage,'" among other evidence).  Without more, the Court is unable to assess the sufficiency of the prior efforts to serve Weinstein, and the impracticability of service, under the traditional methods.

More importantly, even assuming Plaintiffs have shown impracticability, the Court finds the proposed alternative means of service are not "reasonably calculated" to apprise Weinstein of this action.  *Hyassat*, 337 F.R.D. at 15.  First, Plaintiffs propose serving Weinstein based on information about his purported address in a New York state court case *Amandeep Singh et al. v. BMT Capital Group Inc. et al.*, No. 600715/2023 (N.Y. Sup. Ct. Jan. 12, 2023) and through counsel in that case.  *See* Br. at 6-7; ECF No. 36-8.  However, the defendant in that case is named "Meir Weinstein" and not, like Defendant here, "Yisroel Weinstein."  *Id*.  Plaintiffs assert that they "have reason to believe that Defendant Weinstein also uses the name Meir Weinstein," but Plaintiffs never state what that "reason" is or otherwise provide any basis to infer that the Weinstein defendant in this case and in *Amandeep Singh* are the same.  Br. at 3.  Moreover, the address Plaintiffs propose using from *Amandeep Singh* is not even the address of "Meir Weinstein" but is instead the address of yet another individual, "'John Weinstein," which Plaintiffs do not address in their brief.  ECF No. 36-8 (affidavit of service in *Amandeep Singh*).  Without more, the Court concludes that service of the Summons and Complaint by certified mail and through counsel based on information in *Amandeep Singh* is not reasonably calculated to reach Yisroel Weinstein.

Second, Plaintiffs propose serving Weinstein based on information about his purported

4

address in *Muse Paintbar LLC et al. v. Influx Capital Group LLC et al.*, No. 651476/2019 (N.Y. Sup. Ct. March 11, 2019) and counsel in that case. *See* Br. at 6-7; ECF No. 36-10. However, Plaintiffs do not provide evidence to suggest that case is ongoing, and no docket entries have been made since 2019, approximately four years ago. *See generally Muse Paintbar LLC et al.*, No. 651476/2019. "Where courts have permitted service upon a defendant's lawyer in another matter . . . the fact of that representation has been well-established." *Hyassat*, 337 F.R.D. at 17. Therefore, even if the counsel in *Muse Paintbar LLC* represented Weinstein as a defendant in that case in 2019, there is no basis to infer that the same counsel represents Weinstein now. *See, e.g.*, *id*. (denying request for alternative service on counsel in other proceeding because "even if Kerner was representing Defendant in December 2018, there is no basis for this Court to find that he is representing Defendant now, in September 2020"). Nor does the Court find information from *Muse Paintbar LLC* about Weinstein's possible address four years ago sufficient, without more, as a basis for alternative service. *See, e.g.*, *Ortiz v. CM Pro. Painting Corp.*, No. 21-cv-00821 (GRB) (JMW), 2022 WL 784473, at *4 (E.D.N.Y. Mar. 14, 2022) (declining to permit "certified mail [on last known address] as the sole alternative basis for service" where other alternative means proved inadequate).

On the present record, there is insufficient evidence to conclude that the traditional methods of service are impracticable but, more importantly, that the proposed alternative means are reasonably calculated to apprise Weinstein of the pendency of this action. Plaintiffs' request for permission to effect alternative service on Weinstein is therefore denied. The Court will, however, grant a third extension of time to **July 28, 2023** for Plaintiffs to serve Weinstein in a manner authorized by the Federal Rules of Civil Procedure, and allow Plaintiffs until **July 28, 2023** to renew their motion for alternative service if they can do so consistent with this

Memorandum Opinion and Order and applicable law.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for alternative service is DENIED without prejudice to renewal no later than **July 28, 2023**. Plaintiffs' request for an extension of time to serve Weinstein is GRANTED and Plaintiffs may effect service on Weinstein no later than **July 28, 2023**. The Clerk of Court is respectfully directed to terminate ECF No. 36.

Dated: July 14, 2023
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge